UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM PINE, JR., <br><br> Plaintiffs, <br><br> v. <br><br> HYAS SHARIF MAYE, et al., <br><br> Defendants. | CIVIL ACTION NO. 3:24-CV-752 <br><br> (MEHALCHICK, J.) |

**MEMORANDUM**

Presently before the Court is a Rule 12(b)(6) motion to dismiss, Rule 12(e) motion for a more definite statement, and Rule 12(f) motion to strike filed by Defendants Ilyas Sharif Maye ("Maye") and Truck One, LLC ("Truck One") (collectively, "Defendants"). (Doc. 4). The instant personal injury lawsuit was filed by Plaintiff William Pine Jr. ("Pine") on April 8, 2024, and removed to this Court on May 3, 2024. (Doc. 1; Doc. 1-2). For the following reasons, Defendants' Rule 12 motion will be **DENIED**. (Doc. 4).

I. **BACKGROUND AND PROCEDURAL HISTORY**

The following factual background is taken from Pine's complaint. (Doc. 1-2). At all relevant times, Maye, a tractor-trailer operator, was employed by Truck One. (Doc. 1-2, at 3). On May 6, 2022, Maye was operating a Truck One tractor-trailer on the premises of CRC Industries, located at 86 Railroad Drive, Ivyland Pennsylvania. (Doc. 1-2, ¶ 9). At this time, Pine was also working on the premises operating a forklift and unloading docked trailers in the yard. (Doc. 1-2, ¶ 8). After arriving on the premises and docking his tractor-trailer into one of the loading docks, Maye exited the vehicle and walked away without turning on the emergency break on or placing wheel chocks or blocks or stops on the parked trailer. (Doc. 1-

2, at 11). Pine began unloading the trailer using his forklift. (Doc. 1-2, ¶ 12). As Pine commenced his work, the tractor-trailer "suddenly and without warning, began to roll away from the loading dock," causing Pine's forklift to also begin rolling backward between the trailer and the loading dock. (Doc. 1-2, ¶ 14). As the forklift began to fall, Pine attempted to jump off, however, before he could escape the forklift fell on top of him, crushing his lower body between the machine and the dock plate. (Doc. 1-2, ¶¶ 15-16). Pine sustained serious and permanent injuries as a result. (Doc. 1-2, ¶ 17).

On April 8, 2024, Pine filed the instant lawsuit in the Court of Common Pleas of Lackawanna County. (Doc. 1; Doc. 1-2). This matter was removed to this Court on May 3, 2024. (Doc. 1). Defendants filed the instant motion to dismiss on May 10, 2024. (Doc. 4). Defendants filed a brief in support of their motion on May 28, 2024. (Doc. 5). Pine filed a brief in opposition on June 11, 2024. (Doc. 6). Accordingly, the matter is ripe for disposition.

**II.   LEGAL STANDARD**

  A. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions that are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents

incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions'. . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d

1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

B. <u>MOTION TO STRIKE</u>

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The "purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Natale v. Winthrop Res. Corp.,* No. 07-2686, 2008 WL 2758238, at *14 (E.D. Pa. July 9, 2008) (internal quotation marks omitted).

"Content is immaterial when it has no essential or important relationship to the claim for relief. Content is impertinent when it does not pertain to the issues raised in the complaint. Scandalous material improperly casts a derogatory light on someone, most typically on a party to the action." *Champ v. USAA Casualty Insurance Company*, 2020 WL 1694372, at *2 (E.D. Pa. 2020) (*Lee v. Eddystone Fire & Ambulance*, No. 19-cv-3295, 2019 WL 6038535, at *2 (E.D. Pa. Nov. 13, 2019)) (quotation omitted). "[S]triking a pleading or a portion of a pleading 'is a drastic remedy to be resorted to only when required for the purposes of justice.'" *Lee v. Dubose Nat'l Energy Servs., Inc.*, No. 18-cv-2504, 2019 WL 1897164, at *4 (E.D. Pa. Apr. 29, 2019). Thus, motions to strike pursuant to Rule 12(f) are generally disfavored "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Natale*, 2008 WL 2758238, at *14

(quoting *River Rd. Devel. Corp. v. Carlson Corp.,* No. 89-7037,1990 WL 69085, at *2 (E.D. Pa. May 23, 1990)); *see also Eddystone Fire*, 2019 WL 6038535, at *3.

Further, "[w]hen faced with allegations that could possibly serve to achieve a better understanding of plaintiff's claims or perform any useful purpose in promoting the just disposition of the litigation, courts generally deny such motions to strike." *Cestra v. Mylan, Inc.*, No. 14-825, 2015 WL 2455420, at *7 (W.D. Pa. May 22, 2015) (quoting *Eisai Co. v. Teva Pharm. USA, Inc.*, 629 F. Supp. 2d 416, 425 (D.N.J. 2009), *as amended* (July 6, 2009)).

C. MOTION FOR MORE DEFINITE STATEMENT

Federal Rule of Civil Procedure 12(e) often serves as a corollary to pleading standards under Rule 8(a). Rule 8(a) provides that a complaint must include "a short and plain statement of the grounds for the court's jurisdiction[;] … the claim showing that the pleader is entitled to relief; and … a demand for the relief sought, which may include … different types of relief." Fed. R. Civ. P. 8(a). Where the complaint is lacking in this regard:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e).

"A motion for a more definite statement is not a substitute for the discovery process," and such motions are disfavored. *Wheeler v. United States Postal Service*, 120 F.R.D. 487, 488 (M.D. Pa. 1987). A motion for more definite statement is typically only granted where pleadings are "unintelligible or if it is virtually impossible for the opposing party to craft a responsive pleading." *Maya v. Chertok,* No. 1:15-CV-00484, 2015 WL 5254377, at *2 (M.D.

5

Pa. Sept. 9, 2015) (quoting *Morris v. Kesserling,* No. 1:09-CV-1739, 2010 WL 4362630, at *1 (M.D. Pa. Oct. 27, 2010), *aff'd sub nom. Morris v. Kesselring*, 514 F. App'x 233 (3d Cir. 2013) (quotations omitted)); *see Schaedler v. Reading Eagle Publ'n*, 370 F.2d 795, 798 (3d Cir. 1966) (such motions are "directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading"). The opposing party must be unable to respond "even with a simple denial[ ] in good faith or without prejudice to himself." *Brueggman v. Fayette Cnty., Pennsylvania*, No. CIV.A. 95-446, 1995 WL 606796, at *4 (W.D. Pa. Aug. 17, 1995); *see Kimberton Healthcare Consulting, Inc. v. Primary PhysicianCare, Inc.,* No. CIV.A. 11-4568, 2011 WL 6046923, at *3 (E.D. Pa. Dec. 6, 2011) ("a motion for a more definitive statement is generally ... used to provide a remedy for an unintelligible pleading rather than as a correction for a lack of detail" (quotations omitted)).

      The Third Circuit has, however, "highlighted the usefulness of a motion for a more definite statement when a complaint does not disclose the facts underlying a plaintiff's claim for relief such that the defendant cannot reasonably be expected to frame a proper, fact-specific defense." *Miller v. Atl. Freight Sys., Inc.,* No. 1:11-CV-01954, 2013 WL 1308235, at *3 (M.D. Pa. Jan. 29, 2013), *report and recommendation adopted sub nom. Miller v. Atl. Freight Sys.*, No. 1:11-CV-1954, 2013 WL 1292907 (M.D. Pa. Mar. 28, 2013*)* (citing *Thomas v. Independence Twp.*, 463 F. 3d 285, 301 (3d Cir. 2006)). In this circumstance, "the Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to obtain the factual basis underlying a plaintiff's claim for relief." *Thomas*, 463 F.3d at 301. These motions are largely committed to the discretion of the trial court. *Maya*, 2015 WL

5254377, at *2.

**III. DISCUSSION**

    A. <u>DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES</u>

Defendants argue that Pine's claim for punitive damages should be dismissed because it lacks sufficient factual support. (Doc. 5, at 9). Defendants assert that "[u]nder Pennsylvania law, punitive damages must be supported by evidence of conduct more serious than the commission of an underlying tort," and that Pine has failed to allege any factual detail or support to demonstrate Defendants acted outrageously. (Doc. 5, at 10-13, 16). Further, Defendants argue that Pine's claims are unsatisfactorily conclusory. (Doc. 5, at 10-13, 16). Pine responds that he has alleged sufficient facts to support his punitive damages claims, and that his complaint "contains a specific and detailed description of the ways in which Moving Defendants acted in gross, wanton, and negligent fashion." (Doc. 6, at 6). Pine also avers that under Pennsylvania law, "it is rare to dismiss a claim for punitive damages in motor vehicle accidents at the outset of litigation." (Doc. 6, at 6). For the following reasons, this Court agrees.

Under applicable Pennsylvania law, punitive damages are proper "only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." *Hutchison v. Luddy*, 582 Pa. 114, 121 (2005). Although ordinary negligence will not support an award of punitive damages, "punitive damages are appropriate for torts sounding in negligence when the conduct goes beyond mere negligence and into the realm of behavior which is willful, malicious, or so careless as to indicate wanton disregard for the rights of the parties injured." *Luddy*, 582 Pa. at 120 (citing Restatement (Second) of Torts § 908 (1979)).

"The state of mind of the actor is vital." *Luddy*, 582 Pa. at 122 (internal citations omitted). Thus, a review of the actor's intent and/or whether they acted with reckless indifference is necessary to determine the requisite mental state. *See Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 235 (3d Cir. 1997); *see also Youells v. Dzakpasu*, No. 3:19-CV-633, 2019 WL 3046300, at *5 (M.D. Pa. June 24, 2019), *report and recommendation adopted*, No. 3:19-CV-633, 2019 WL 3063530 (M.D. Pa. July 11, 2019).

"In motor vehicle accident cases where claims for punitive damages are pleaded by plaintiffs, defendants often invite courts to dismiss these punitive damage claims." *Youells*, 2019 WL 3046300, at *5. These courts have cited the need for discovery as a basis for denying the motions to dismiss punitive damages claims. *See e.g., Ferranti v. Martin*, No. 3:06-CV-1694, 2007 WL 111272, at *2 (M.D. Pa. Jan. 19, 2007) (finding, in a claim relating to a tractor-trailer accident, that the plaintiff had pled sufficient allegations to require discovery). "As a general rule, the courts have deemed such motions to dismiss punitive damages claims to be premature and inappropriate where, as here, the complaint alleges reckless conduct." *Youells*, 2019 WL 3046300, at *6. This considered, and having reviewed the complaint in the light most favorable to Pine, the Court concludes that it would be improper to dismiss Pine's punitive damages claims at this time. (Doc. 1-2). Pine alleges that Maye "acted in a negligent, reckless, and careless manner that [sic] he exited the tractor trailer and walked away from the vehicle without putting the emergency brake on or placing chocks/wheel blocks/tire chocks/trailer chocks/ or wheel stops on the parked trailer." (Doc. 1-2, ¶ 11). At this stage of the litigation, this allegation is sufficient. *See Shelton v. Gure*, No. 3:19-cv-0843, 2019 WL 4168868, at *5 (M.D. Pa. Sept. 3, 2019) ("At this [motion-to-dismiss] stage in the

8

litigation, . . . Plaintiffs' allegations of recklessness are sufficient. As a result, Plaintiffs' request for punitive damages will not be dismissed."). The Court will be in a better position to assess recklessness after discovery has been conducted. *See Cobb v. Nye*, No. 4:14-CV-0865, 2014 WL 7067578 (M.D. Pa. Dec. 12, 2014) ("Discovery is necessary to make the determination of whether Defendants' actions were merely negligent or whether they were outrageous. Consequently, dismissal at this juncture in the litigation is premature."); *see also C.M. by & through McMillen v. Am. Honda Motor Co.*, No. 3:23-CV-00119, 2024 WL 1382760, at *7 (W.D. Pa. Apr. 1, 2024); Defendants' motion to dismiss Pine's punitive damages claim is therefore **DENIED**. (Doc. 4); *see Castelli-Velez v. Moroney*, No. 3:20-CV-00976, 2021 WL 978814, at *4 (M.D. Pa. Mar. 16, 2021) (denying a motion to dismiss a punitive damages claims where the plaintiff alleged defendant acted recklessly, and stating "it would be premature to delve into the factual determinations required for an award of punitive damages at the motion to dismiss stage).

    B. DEFENDANTS' MOTION TO STRIKE AND MOTION FOR MORE DEFINITE STATEMENT

Defendants request that this Court strike several allegations in Pine's complaint that relate to Defendants' alleged violation of state vehicular statutes, regulations, and policies. (Doc. 5, at 19). Specifically, Defendants take issue with t paragraphs 31(ae) and (af); 37 (ae) and (af); and 38 (t)(v)(y) and (aa) of the complaint. (Doc. 5, at 20). According to Defendants, "Plaintiff failed to identify with specificity the statutes which are alleged to have been violated by [Defendants]." (Doc. 5, at 19). In response, Pine agrees to strike paragraphs 31(ae) and (af); 37 (ae) and (af); and 38 (v) and (y), conceding that these paragraphs do not specify "which

9

specific statutes and regulations were violated by Moving Defendants." (Doc. 6, at 12). However, Pine submits that paragraphs 38(t) and (aa) are "sufficiently specific" such that they put Defendants on notice of what they will need to defend against. (Doc. 6, at 12). Thus, the Court should deny Defendants' motion to strike and motion for a more definite statement. (Doc. 6, at 12). For the following reasons, this Court agrees.

Rule 12(f) permits the Court to strike "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from the parties' pleadings. Fed. R. Civ. P. 12(f). "Partly because of the practical difficulty of deciding cases without a factual record, it is well established that striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." *N. Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 158 (E.D. Pa. 1994); *see also C.M. by & through McMillen v. Am. Honda Motor Co.*, No. 3:23-CV-00119, 2024 WL 1382760, at *10 (W.D. Pa. Apr. 1, 2024). Still, "'[d]istrict courts possess great discretion in disposing of a motion to strike.'" *McMillen*, No. 3:23-CV-00119, 2024 WL 1382760, at *10 (quoting *Wirt v. Bon-Ton Stores, Inc.*, 134 F. Supp. 3d 852, 857 (M.D. Pa. 2015)).

At issue here are the following paragraphs of Plaintiff's complaint:

38(t): Permitting Defendant Ilyas Sharif Maye to operate its vehicle when it knew or should have known that the requirements for Defendant Ilyas Sharif Maye to earn income from operating its vehicle would cause Defendant Ilyas Sharif Maye to violate the rules of the road and/or operate the vehicle while distracted and/or fatigued;

38(aa): Failure to properly supervise Defendant Ilyas Sharif Maye in the operation of its vehicle to ensure compliance with the Federal Motor Carrier Safety Regulations.

(Doc. 1-2, at 15).

While the Court's power under Rule 12(f) is discretionary, the Court here remains cognizant of the fact that its use of the striking power is highly disfavored. *See Hadek Protective Sys. B.V. v. Ergon Asphalt & Emulsions, Inc.*, No. 2:22-cv-01421, 2023 WL 7002567, at \*12 (W.D. Pa. Oct. 24, 2023). The Court finds that allowing the two challenged paragraphs to remain in the complaint would not be prejudicial to Defendants, as in the context of the rest of the complaint these paragraphs sufficiently put Defendants on notice of the claims against them and work to clarify Pine's theory of the case. *See Sheats v. Ohio Sec. Ins. Co.*, No. 3:21-CV-01607, 2022 WL 3088094, at \*3 (M.D. Pa. Aug. 3, 2022) ("Defendants' motion to strike these paragraphs is denied as there is no prejudice to the paragraphs remaining in the complaint and the paragraphs are related to the controversy."). Thus, Defendants' motion to strike under Rule 12(f) will be **DENIED**. (Doc. 4); *see Cestra v. Mylan, Inc.*, No. 14-825, 2015 WL 2455420, at \*7 (W.D. Pa. May 22, 2015) ("[w]hen faced with allegations that could possibly serve to achieve a better understanding of plaintiff's claims or perform any useful purpose in promoting the just disposition of the litigation, courts generally deny such motions to strike.").

Turning next to Defendants' request for a more definite statement, under Rule 12(e) of the Federal Rules of Civil Procedure,

> [a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.
>
> Fed. R. Civ. P. 12(e).

The district court has discretion over whether to grant a Rule 12(e) motion. *Nicholas v. CMRE Fin. Servs., Inc.*, No. 08-4857JLL, 2009 WL 1652275, at *1 (D.N.J. June 11, 2009). However, Rule 12(e) motions are typically only granted where pleadings are "unintelligible or if it is virtually impossible for the opposing party to craft a responsive pleading." *Maya v. Chertok*, No. 15-00484, 2015 WL 5254377, *2 (M.D. Pa. Sept. 9, 2015). Here, the court agrees with the Pine that reviewing the challenged paragraphs in the context of the rest of the complaint sufficiently puts Defendants on notice of the claims they must defend against. (Doc. 6, at 12). Defendants' motion for more definite statement is thus **DENIED**. (Doc. 4); *see Enari v. Davranov*, No. 3:24-CV-01101, 2024 WL 4729758, at *5 (M.D. Pa. Nov. 8, 2024) (denying motion for more definite statement after reviewing the complaint and determining "the Complaint is not sufficiently unintelligible that Defendants are unable to formulate a response or defense.").

IV. **CONCLUSION**

Based on the foregoing, Defendants' Rule 12 motion is **DENIED.** (Doc. 4). An appropriate Order follows.

BY THE COURT:

*s/Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**